UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIS GODY | CIVIL DOCKET NO. 6:22-CV-00026 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE DAVID J. AYO |

## ORDER

Before the Court is Plaintiff's MOTION TO RECUSE JUDGE DAVID JOSEPH (the "Motion") [Doc. 25], presumably filed under both 28 U.S.C. § 455 and 28 U.S.C. § 144. Because: (i) there is no basis for recusal under 28 U.S.C. § 455, and (ii) the affidavit filed pursuant to 28 U.S.C. § 144 is legally insufficient, the Motion is DENIED.

### I. Background

The above-captioned matter was filed on January 5, 2022, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, stemming from an automobile accident that occurred on September 16, 2020, between Plaintiff's vehicle and a van owned by the United States Department of Veterans Affairs. [Doc. 1]. The matter was initially assigned to another judge but was re-assigned to the undersigned on February 1, 2022. Trial is set to commence on January 23, 2023.

Before his appointment as United States District Judge on August 3, 2020, undersigned served as United States Attorney for the Western District of Louisiana (and prior to that, as an Assistant United States Attorney assigned to the criminal division of the office). As such, undersigned had left his employment with the

1

Department of Justice and been sitting on this Court for approximately 18 months when he was assigned to this matter (and approximately 17 months before it was filed). Further, the automobile accident underlying this dispute occurred after undersigned's appointment as a United States District Judge.

## II.   28 U.S.C. § 455

Plaintiff's Motion seeks recusal for two reasons under 28 U.S.C. § 455. Plaintiff first contends that, "[d]uring Judge Joseph's immediate prior employment with the United States Attorney's office first as an assistant US attorney, and then as the constitutionally appointed US Attorney, his office represented the defendant in this matter. Therefore, he may have knowledge of witnesses and materials relevant to this matter before the Court." [Doc. 25]. However, because the automobile accident underlying this lawsuit occurred after undersigned left the Department of Justice and the undersigned otherwise has no prior knowledge of the facts or witnesses involved in the case, this contention is meritless.

Plaintiff next contends that undersigned should be recused based on, "potential bias with Judge Joseph having a more sympathetic cause to his former office and of those persons that continue to work in the US Attorney's Office, which can or will give the appearance of a potential bias or prejudice towards the plaintiff." It has now been two and a half years since the undersigned left the Department of Justice. As a United States District Court Judge in the Western District of Louisiana, the undersigned's docket includes many criminal and civil matters wherein the United

States is a party. In the majority of these cases, the United States is represented by the United States Attorney's Office. While undersigned recused himself from all matters that were being handled by the United States Attorney's Office while he was serving as United States Attorney (and chose not to preside over matters involving the United States Attorney's Office for a period of time after his appointment to the bench), there is no basis for recusal under the facts of this case. Indeed, this case is in no material respect different from any other case assigned to the undersigned wherein the United States is a party represented by the United States Attorney for this District.

### III.   28 U.S.C. § 144

Movants do not brief the basis for the Motion under 28 U.S.C. § 144, but merely attach an affidavit entitled, "28 USC 144 Affidavit." Even if such affidavit was timely filed – nearly a year after undersigned was assigned this matter and less than two weeks before trial – it is legally insufficient. Fifth Circuit jurisprudence requires that a party, not counsel, execute an affidavit attesting to judicial bias against a party. Here, the affidavit was executed by counsel and seems to allude to a bias in favor of counsel for the government (not the United States) based on previously working in the same office. It is therefore insufficient under binding Fifth Circuit precedent. *See, e.g., Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658-59 (5th Cir. 1985) ("[a] court may not grant relief under 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice."); *U.S. v. Andrade-Perez*, 66 F.3d 321 (5th Cir. 1995).

For the foregoing reasons, the Motion is DENIED.

THUS, DONE AND SIGNED in Chambers on this 10th day of January 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE